US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 15 2020

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 5:20CR 50010-001 |
| | ) | |
| SUNNY LEIGH HASSELL | ) | 18 U.S.C. § 1343 |

## INDICTMENT

The Grand Jury charges:

### INTRODUCTION

1. At all times relevant to this Indictment:

    a. TRICARE was a program run by the Department of Defense that provided health care benefits for military personnel, retirees, and their families. TRICARE provided coverage for prescription drugs, including certain compounded drugs, provided they were medically necessary and validly prescribed by a licensed medical professional. Persons covered by TRICARE were commonly referred to as "TRICARE beneficiaries."

    b. The compounding of prescription drugs was a practice in which a licensed pharmacist combined, mixed, or altered ingredients of a drug in response to a prescription to create medication tailored to the needs of the individual patient. Pharmacies engaged in this practice were referred to as "compounding pharmacies."

    c. Pharmacy 1 was a compounding pharmacy in Mississippi. Upon receipt of prescriptions, Pharmacy 1 shipped its compounded medications direct to patients.

1

      d.     Brad Duke was a medical sales representative in Little Rock, Arkansas, who did business as Medsurg, Inc., which marketed, among other things, Pharmacy 1's compounded drugs. Medsurg, Inc. received 35 percent of sales generated for Pharmacy 1.

      e.     The Defendant, SUNNY LEIGH HASSELL (formerly SUNNY LEIGH CROSS), worked as a sales representative for Medsurg, Inc., and worked and resided in the Western District of Arkansas, Fayetteville Division.

      f.     Doctor 1 was a physician licensed to practice in Arkansas, with an office in Fayetteville, Arkansas, which is in the Western District of Arkansas, Fayetteville Division.

      g.     Doctor 2 was a physician licensed to practice in Arkansas, with an office in Fayetteville, Arkansas, which is in the Western District of Arkansas, Fayetteville Division.

      h.     Doctor 3 was a physician licensed to practice in Arkansas, with an office in Fayetteville, Arkansas, which is in the Western District of Arkansas, Fayetteville Division.

## SCHEME TO DEFRAUD

2.     Beginning at a time unknown but at least as early as on or about September 26, 2014, and continuing until on or about January 22, 2016, the Defendant, SUNNY LEIGH HASSELL, knowingly and intentionally devised and intended to devise a scheme and artifice to defraud TRICARE, and to obtain money and property by means of material false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

3.     In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL solicited R.B. to receive compounded drugs, and solicited and obtained the TRICARE beneficiary information for R.B., advising R.B. that the compounded drugs were at no cost to TRICARE beneficiaries when, in truth and in fact, there were co-pays for which R.B. was responsible.

4. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL faxed a prescription for compounded drugs for R.B., which purported to have been authorized by Doctor 1, from Doctor 3's office to Pharmacy 1, knowing Doctor 1, with whom she had a personal relationship, had never seen or evaluated R.B. in order to make a determination whether the prescription was medically necessary.

5. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL and others at her direction solicited A.S., C.G., G.H., T.H., J.D., P.F., S.S., E.L., J.P., and M.R., all TRICARE beneficiaries, to receive compounded prescription drugs produced by Pharmacy 1, advising the TRICARE beneficiaries that it was at no cost to them, when, in truth and in fact, there were co-pays for which the TRICARE beneficiaries were responsible.

6. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL took the TRICARE beneficiary information from the solicited TRICARE beneficiaries and filled out a fill-in-the-blank prescription for various compounded drugs to include pain creams, scar creams and supplements.

7. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL took some of the filled out prescriptions and had them signed by Doctor 2, with whom she had a personal relationship, and who she knew had not seen or evaluated the TRICARE beneficiaries in order to make a determination as to whether the prescriptions were medically necessary.

8. In furtherance of the scheme to defraud, SUNNY LEIGH HASSEL caused the fraudulent prescriptions signed by Doctor 2 to be faxed from a fax machine located at Doctor 2's office, which was located in the Western District of Arkansas, Fayetteville Division, to Pharmacy 1, which was located in Mississippi, each fax constituting a wire communication in interstate commerce.

9. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL filled out fill-in-the-blank prescriptions for J.D. and P.F. using Doctor 2's information, which was not signed by Doctor 2, and caused the unsigned, fraudulent prescription to be faxed from a fax machine located at Doctor 2's office, which was located in the Western District of Arkansas, Fayetteville Division, to Pharmacy 1, which was located in Mississippi, said fax constituting a wire communication in interstate commerce.

10. In furtherance of the scheme to defraud, SUNNY LEIGH HASSELL issued check number 1257 on her personal bank account in the amount of $319.00 and made payable to T.H., and in the subject line wrote, "[Pharmacy 1] [G.H.'s first name]," the purpose of said check being to reimburse G.H. for co-pays for the compounded medications, which G.H. had been told he/she did not need to pay.

11. In furtherance of the scheme to defraud, Pharmacy 1 filled the fraudulent prescriptions, shipped them to the TRICARE beneficiaries, and billed TRICARE. Pharmacy 1 received $1,881,914.08 from TRICARE for fraudulent prescriptions authorized and purportedly authorized by Doctor 1 and Doctor 2.

12. In furtherance of the scheme to defraud, Brad Duke paid SUNNY LEIGH HASSELL commissions from Medsurg, Inc. for the sales generated from the fraudulent prescriptions authorized and purportedly authorized by Doctor 1 and Doctor 2. From on or about November 4, 2014, to on or about January 22, 2016, Medsurg, Inc. paid SUNNY LEIGH HASSELL $391,885.84 for sales of Pharmacy 1 products.

## COUNTS ONE THROUGH FOUR

13. On or about each of the dates set forth below, in the Western District of Arkansas, Fayetteville Division, Defendant, SUNNY LEIGH HASSELL, for the purpose of executing the scheme described above, transmitted and caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | FAX FROM | FAX TO | TRICARE BENEFICIARIES |
|---|---|---|---|---|
| ONE | January 22, 2015 | Doctor 2 | Pharmacy 1 | P.F. and J.D. |
| TWO | March 11, 2015 | Doctor 2 | Pharmacy 1 | T.H., J.D., P.F., G.H., C.G., A.S., S.S., E.L., and J.P. |
| THREE | March 30, 2015 | Doctor 2 | Pharmacy 1 | M.R. |
| FOUR | June 25, 2015 | Doctor 2 | Pharmacy 1 | T.H., A.S., J.D., G.H., E.L. and M.R. |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

14. The allegations contained in paragraphs 1 through 13 and Counts 1 through 4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

15. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 set forth in Counts 1 through 4 of this Indictment, the Defendant, SUNNY LEIGH HASSELL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to a money judgment.

16. If any of the property described above, as a result of any act or omission of the Defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461(c).

A True Bill.

DUANE (DAK) KEES
UNITED STATES ATTORNEY

/s/Grand Jury Foreperson
Grand Jury Foreperson

By: Aaron Jennen
Assistant U.S. Attorney
Arkansas Bar Number 2004156
414 Parker Avenue
Fort Smith, AR 72901
Phone: (479) 783-5125
Email: Aaron.Jennen@usdoj.gov