IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES**                                                                                    **PLAINTIFF**

v.                                          **CASE NO. 5:20-CR-50010**

**SUNNY LEIGH HASSELL**                                                                    **DEFENDANT**

### OPINION AND ORDER

This matter came before the Court on December 29, 2020, for a hearing on a Petition for Action on Conditions of Supervised Release (Doc. 57). Defendant Sunny Leigh Hassell was present via videoconference and represented by Federal Public Defender Bruce Eddy. Assistant United States Attorney Aaron Jennen, who sought revocation of Defendant's bond, represented the United States. Based upon the evidence presented at the hearing and the arguments of counsel, the Court **REVOKED** the Defendant's bond.

### I. BACKGROUND

Defendant was originally indicted in January 2020 and was released pursuant to a $5,000 unsecured bond (Doc. 11). Her conditions of release included the requirement that she must "submit to supervision by and report for supervision" by the United States Probation Office ("USPO") and "to continue or actively seek employment." (Doc. 12). Later, Defendant waived indictment and pleaded guilty via an Information (Doc. 28) charging her with one count of receiving a healthcare kickback in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). The Court ultimately sentenced Defendant to twelve months and one day of imprisonment, but the Court allowed her to remain on bond and to self-report

1

to her designated Bureau of Prisons ("BOP") facility by no later than 1:00 p.m. on January 8, 2021. The Court warned Defendant that her release was subject to the exact same terms of her unsecured bond.

On December 18, 2020, Defendant's supervising probation officer, Melissa Conn, filed the present Petition, asserting that Defendant had failed to respond to text messages, phone calls, and home visits (Doc. 57, p. 1). The Petition also alleges that Defendant failed to report changes in her employment. *Id.* Further, according to the Petition, on December 15, 2020, Defendant called Ms. Conn from a blocked phone number, stated that she could only talk for three minutes, and announced that she did not have to answer any questions about where she was staying, her job, or anything else other than checking in via email once per week. *Id.* Ms. Conn instructed Defendant to call her back on December 16, but she did not do so. *Id.* Based upon this Petition, the Court issued a warrant for Defendant arrest, and Defendant was taken into custody on December 20. The Court held an evidentiary hearing on whether to revoke Defendant's bond on December 29.

## II. DISCUSSION

A person who has been released pursuant to 18 U.S.C. § 3142,[1] and who has violated a condition of his release, is subject to revocation of release and detention. 18 U.S.C. § 3148(a). The Court "shall enter an order of revocation and detention if, after a hearing, the judicial officer . . . finds . . . probable cause to believe that the person has committed a Federal, State, or local crime while on release" or "clear and convincing

---

[1] Section 3148(a) applies here because any defendant released while "awaiting imposition or execution of sentence" is done so "in accordance with section 3142(b) or (c)." *See* 18 U.S.C. § 3143(a)(1).

2

evidence that the person has violated any other condition of release," and "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or "the person is unlikely to abide by any condition or combination of conditions of release." *Id.* § 3148(b). "If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly." *Id.* § 3148(b)(2).

During the evidentiary hearing, the government presented clear and convincing evidence that Defendant violated her conditions of release, specifically, the condition that she submit to the USPO's supervision and that she continue or actively seek employment. The evidence offered by the government shows that, during November and December 2020, Defendant failed to respond to communications from Ms. Conn, including phone calls, text messages, and at-home visits. Further, Ms. Conn testified that on December 15, Defendant called her and refused to provide any information regarding her location or her employment. There was evidence that Defendant quit her job without informing Ms. Conn. The evidence also established that Ms. Conn told Defendant to call her back the next day, but Defendant failed to do so. The Court finds that this is clear and convincing evidence that Defendant violated her conditions of release.

The Court also finds that the government has established by a preponderance of the evidence that no combination of conditions will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. *See* 18 U.S.C.

§ 3148(b). There was evidence that Defendant evaded contact with Ms. Conn by refusing to come to the door during home visits. Defendant was ultimately arrested after she was found in a long-term stay hotel in a room rented under the name of another individual. The hotel was in a different county than her authorized place of residence. This behavior—which occurred after the Court allowed Defendant to remain on bond pending self-surrender—convinces the Court that no condition of release will assure Defendant's future appearance. Accordingly, the Court **REVOKES** Ms. Hassell's bond.

With that said, the Court is concerned that this revocation will result in a potentially substantial delay in the Defendant's transfer to the BOP. Presently, the BOP has designated her to FCI Greenville, with a previously ordered report-by date of January 8, 2021. It is the Court's request and recommendation to the BOP that this designation remain unchanged by the present revocation. Therefore, the Court **DIRECTS** the United States Marshal to release Defendant by no later than 9 a.m. C.T. on January 8, 2021, into the custody of her mother, Lorrie Cross, who has agreed to act as Defendant's third-party custodian for purposes of transporting Defendant to FCI Greenville. At the time of release, USPO shall outfit Defendant with a GPS location-monitoring device for the duration of her travel to FCI Greenville. Ms. Cross must tender the Defendant to FCI Greenville by no later than 6 p.m. C.T. on January 8, 2021.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Defendant's bond is **REVOKED**.

2. The Court **REFERS** to United States Magistrate Judge Erin L. Wiedemann the remaining issue of whether Defendant should forfeit her $5,000.00 unsecured bond and whether a judgment of that amount should be entered against Defendant.

3. The Court **DIRECTS** the United States Marshal to release Defendant into the custody of Lorrie Cross by 9 a.m. C.T. on January 8, 2021, and that USPO outfit Defendant at that time with a GPS monitoring device.

4. The Court **FURTHER DIRECTS** Ms. Cross to transport Defendant, in the same vehicle, to FCI Greenville, by no later than 6 p.m. C.T. on January 8, 2021.

**IT IS SO ORDERED** on this 4th day of January 2021.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE