IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                              PLAINTIFF

v.                                          CASE NO. 5:20-CR-50010

SUNNY LEIGH HASSELL                                                        DEFENDANT

## OPINION AND ORDER

Currently before the Court is Defendant Sunny Leigh Hassell's Motion to Set Aside
Bond Forfeiture (Doc. 64). Also before the Court is the Government's Response (Doc.
64). After a careful review of the briefing and the record, the Court **DENIES** Defendant's
Motion.

## I.  BACKGROUND

On January 15, 2020, an Indictment was filed against Defendant charging her with
four counts of wire fraud (Doc. 1). Defendant pleaded not guilty, and she was released
on a $5,000 unsecured appearance bond with accompanying conditions (Docs. 11 & 12).
Defendant later pleaded guilty via Information (Doc. 28) to one count of receiving a
healthcare kickback. Defendant was sentenced on October 29, 2020, but the Court
allowed her to remain out on bond pending designation by the Bureau of Prisons. At
sentencing, the Court informed her that she was subject to the same terms of release as
had been set forth in her original bond and release order.

Later, on December 18, 2020, Defendant's supervising probation officer, Melissa
Conn, filed a petition asserting that Defendant failed to respond to text messages, phone
calls, and home visits (Doc. 57, p. 1). The petition also alleged that Defendant failed to

report changes in her employment. *Id.* Similarly, the petition alleged that Defendant failed to alert Officer Conn to any changes in Defendant's status as the custodial parent of her son. *Id.* Further, according to the petition, on December 15, 2020, Defendant called Officer Conn from a blocked phone number, stated that she could only talk for three minutes, and announced that she did not have to answer any questions about where she was staying, her job, or anything else other than checking in via email once per week. *Id.* Officer Conn instructed Defendant to call her back on December 16, but she did not do so. *Id.* Based upon this petition, the Court issued a warrant for Defendant's arrest, and she was taken into custody on December 20.

The Court held a hearing on December 29 to determine whether to revoke Defendant's bond. During that hearing, the Government presented clear and convincing evidence that Defendant violated her conditions of release, specifically, the condition that she submit to supervision and that she continue to work or actively seek employment. The evidence offered by the Government showed that, during November and December 2020, Defendant failed to respond to communications from Officer Conn, including phone calls, text messages, and at-home visits. Further, Officer Conn testified that on December 15, Defendant called her and refused to provide any information regarding her location or her employment. There was evidence that Defendant quit her job and lost custody of her child without informing Officer Conn. The evidence also established that Officer Conn told Defendant to call her back on December 16, but Defendant failed to do so and otherwise ceased contact with Officer Conn. Additionally, Defendant told Officer Conn that she would not confirm where she had been staying, so Officer Conn no longer knew

2

where to find Defendant. Further, Officer Conn testified that Defendant refused to update her regarding her employment or ongoing custody proceedings in state court.

United States Deputy Marshall Dustin Chastain also testified at the hearing. Deputy Chastain testified that he located Defendant by checking hotels near Defendant's mother's house, and he located Defendant's vehicle at a local hotel. He then made contact with the front desk manager, who reported that no one at the hotel was using Defendant's name. After Deputy Chastain showed a picture of Defendant to the manager, the manager stated that one of the women staying at the hotel looked similar to the woman in the photo. The manager noted that the woman in question was staying in a room under the name of Kari Ahlum. After reviewing surveillance footage and confirming that Defendant was indeed the woman in question, Deputy Chastain and other agents apprehended her when she attempted to leave. Her minor son was accompanying her at the time.

Based upon this evidence, the Court found that the Government established by clear and convincing evidence that Defendant violated the conditions of her release, so the Court revoked her bond. *See* Doc. 62. The Court referred the question of forfeiture of the bond to United States Chief Magistrate Judge Erin L. Wiedemann, who found that Defendant violated the conditions of release set forth in her bond and forfeited the same (Doc. 63). Pursuant to Federal Rule of Criminal Procedure 46(f)(2)(B), Defendant now moves to set aside the forfeiture of her bond.

## II. DISCUSSION

According to Federal Rule of Criminal Procedure 46(f)(2)(b), a forfeiture may be set aside or remitted in whole or in part if "it appears that justice does not require bail

3

forfeiture." The Eighth Circuit considers three factors in determining whether justice requires forfeiture: (1) the willfulness of the defendant's breach of conditions; (2) the expense, inconvenience, and delay to the government; and (3) other mitigating circumstances. *Appearance Bond Sur. v. United States*, 622 F.2d 334, 336 (8th Cir. 1980). The burden of establishing that "justice does not require bail forfeiture" under Rule 46(f)(2) rests with the party seeking to challenge the forfeiture. *United States v. Billini*, 2006 WL 1586553, at *1 (E.D.N.Y. June 8, 2006) (citing *United States v. Gambino*, 17 F.3d 572, 574 (2d Cir. 1994)).

As to the first factor, Defendant argues that her mental state at the time of these events weighs against a finding of willfulness. Specifically, she argues that she was reeling from receiving a prison sentence and the concomitant loss of custody of her son. But Defendant should have expected a prison sentence, as her Guideline range was 24 to 30 months. As a single parent who was likely headed to prison, she should also have expected to lose custody of her son. The fact that Defendant was surprised by two likely outcomes does not convince the Court that her breach was accidental. Instead, these facts tend to show that Defendant willfully disobeyed the Court's release conditions because she was unhappy with her sentence. Thus, the first factor weighs against setting aside or remitting the bond forfeiture.

The second factor also weighs against setting aside or remitting the bond forfeiture. Because of Defendant's breach of her conditions, Officer Conn had to prepare the petition, the Court had to issue a warrant, and the USMS had to spend time and energy tracking down Defendant, all of which came at some cost. In the Court's view, the

4

time and effort spent on this matter was considerable, so this factor leans against setting aside Defendant's bond forfeiture.

Finally, the third factor weighs against Defendant because the circumstances surrounding Defendant's actions were aggravating. At sentencing, Defendant displayed an extreme emotional reaction that gave the Court reason to question her defense counsel as to whether he believed she was a threat to herself or others, including her minor son. She then vindicated the Court's concerns by restricting her contact with Officer Conn and effectively absconding with her minor son. Thankfully, this situation was resolved without anyone being harmed, but at the time, there were reasonable grounds to believe that Defendant and her child were in danger. These are not mitigating circumstances, and therefore the Court finds that this factor weighs against setting aside or remitting the bond forfeiture.

Accordingly, all three of the relevant factors weigh against setting aside or remitting forfeiture of Defendant's bond. As Defendant has failed to meet her burden of showing that the bail forfeiture should be set aside or remitted, the Court finds that remission of the $5,000 bond forfeiture, in any amount, is not justified in this case.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant Sunny Leigh Hassell's Motion to Set Aside Bond Forfeiture (Doc. 64). The Government shall have ten days to seek a default judgment for the entire $5,000 bond. *See* Fed. R. Crim. P. 46(f)(3) ("If it does not set aside a bail forfeiture, the court must, upon the government's motion, enter a default judgment.").

**IT IS SO ORDERED** on this _2nd_ day of February, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE